IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**NATASHA R. BRADFORD**                                              **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO.: 2:22-cv-2563**

**JURY TRIAL DEMANDED**

**MEMPHIS ACADEMY OF SCIENCE
AND ENGINEERING (MASE)**                                            **DEFENDANT**

## COMPLAINT

Plaintiff, NATASHA R. BRADFORD, by and through her attorneys, Johnson & Bennett, PLLC, brings this Complaint for a cause of action arising under Title VII of the Civil Rights Act of 1964, 42 USC § 2000(e), the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.*, and the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161 *et seq.* (COBRA) and, in support of, states as follows:

## PARTIES

1. Plaintiff, Natasha Bradford, is an adult citizen of Little Rock, Pulaski County, Arkansas.

2. Defendant, Memphis Academy of Science and Engineering (MASE) is a nonprofit corporation organized under the laws of the State of Tennessee. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII), 42

1

U.S.C §2000e. Defendant can be served process through its registered agent, Steven J. Bares, at 1254 Jefferson Avenue, Memphis, Tennessee 38104-7229.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to federal question under 28 U.S.C. §§ 1331 and civil rights jurisdiction under 28 U.S.C. §1343. This Court has authority to award costs and attorney fees pursuant to 42 U.S.C § 1988.

4. Venue under 28 U.S.C. § 1391 is proper in this district because the unlawful employment practices complained of were committed in Memphis, Shelby County, Tennessee which is in the United States District Court for the Western District of Tennessee, Western Division.

5. On May 23, 2022, Ms. Bradford filed a Charge of Discrimination (490-2022-02383) against Memphis Academy of Science and Engineering for sex discrimination and retaliation with the United States Equal Employment Opportunity Commission (EEOC) attached as Exhibit A.

6. On June 2, 2022, the EEOC issued Ms. Bradford a Notice of Right to Sue for Defendant Memphis Academy of Science and Engineering which is attached as Exhibit B.

7. Plaintiff timely files this action.

## FACTS

8. Plaintiff, Natasha R. Bradford, was employed by the Defendant as a Middle School Special Education Teacher for approximately eight years, from August 2008 to August 2013, from August 2016 to August 2017, and from August 2019 to July 2021.

9. Ms. Bradford served as a Special Education Teacher and Response to Intervention Coordinator from August 2019, until she was terminated on July 27, 2021.

10. At all relevant times to this case, Antonio Malone was employed as a Physical Education Teacher for the Defendant.

11. On March 5, 2020, Malone came to Ms. Bradford's classroom door and requested to speak with her.

12. Ms. Bradford did not have any students in her room at the time.

13. Malone had students in his classroom that were left unattended while he was at Ms. Bradford's classroom door.

14. Ms. Bradford went to the door to answer Malone.

15. Malone was wearing jogging pants and a crossing guard reflective vest.

16. Malone unveiled his penis to Ms. Bradford and she looked away.

17. Malone took Ms. Bradford's right hand and placed it on his penis and groin area.

18. Ms. Bradford could feel Malone's pubic hairs and penis shaft.

19. Malone pressed on Ms. Bradford's right hand to press it more firmly on his penis.

20. Ms. Bradford was so shocked by Malone's actions, she was initially paralyzed.

21. Ms. Bradford attempted to move away from Malone, but he continued to hold her hand on his penis, moving with her.

22. Malone asked Ms. Bradford if she "liked it" and Ms. Bradford replied, "no."

23. Malone asked Ms. Bradford if he was "making [her] uncomfortable?"

24. Ms. Bradford replied, "Yes."

25. Malone then stated that he could not go back to his classroom "like this" while looking down at his erect penis.

26. Ms. Bradford then went to the restroom where she scrubbed her right hand that Malone used to touch his penis.

27. Ms. Bradford told co-worker Simeria Green, Special Education Teacher, that day.

28. Ms. Bradford was scared to tell anyone in management because Malone was friends with MASE Executive Director Roderick Gaston.

29. Ms. Bradford also told Lena Martin, a seventh grade English and Language Arts (ELA) teacher, and Lillian Grant, Science Teacher.

30. Ms. Bradford was very anxious and upset over Malone's sexually offensive harassment.

31. Ms. Bradford never flirted with nor had any type of a romantic or consensual sexual relationship with Malone.

32. Ms. Bradford and Malone were co-workers and Ms. Bradford had no interest in any relationship with Malone aside from co-worker.

33. Malone had previously asked Ms. Bradford if she wanted to have sex while at the work Christmas party in 2019, but Ms. Bradford told him no.

34. Ms. Bradford did not report Malone's advance at the Christmas party.

35. Almost immediately after Malone's sexually offensive exposure and forced touching on March 5, 2020, Defendant began distance learning due to the COVID-19 outbreak.

36. Ms. Bradford was not required to interact with Malone while distance learning was ongoing.

37. In the Fall of 2021, Defendant prepared to return to in-person learning.

38. Ms. Bradford experienced high anxiety and depression thinking about returning to work where she would be required to interact with Malone, her harasser.

39. On October 23, 2020, Ms. Bradford emailed Malone that she wanted to talk to him about him "placing my hands in your pants earlier this year."

40. Ms. Bradford stated to Malone, "It's been a reoccurring 'trigger' when I see your name listed."

41. On October 24, 2020, Ms. Bradford emailed Human Resources Director Estilien Lewis an email Ms. Bradford directed to Malone concerning Malone's behavior following the conversation Ms. Bradford had with Malone about the incident.

42. On October 27, 2020, Roderick Gaston emailed Ms. Bradford requesting to speak with her about her complaint of sexual harassment by Malone.

43. Ms. Bradford met with Gaston regarding her complaint of sexual harassment by Malone.

44. Ms. Bradford did not hear anything from Defendant about her complaint against Malone.

45. Because Ms. Bradford did not hear back from Defendant regarding her complaint against Malone, on November 24, 2020, Ms. Bradford filed an incident report with the Memphis Police Department regarding Malone's harassment and touching.

46. On December 10, 2020, Gaston emailed Ms. Bradford that Malone denied the allegations.

47. Gaston reminded Ms. Bradford that if anything inappropriate happened in the future to report it immediately.

48. Gaston also stated, "Finally, per the policy, retaliation is prohibited."

49. Ms. Bradford emailed Gaston back the same day, expressing that she felt Malone got away with what he did.

50. Ms. Bradford also stated that the way in which Defendant handled her complaint made her feel "extremely undervalued."

51. Gaston emailed Ms. Bradford back on December 11, 2020, that, "I hate that you feel undervalued and things were not handled properly because you're an asset to MASE. Let's have a zoom meeting/phone call to discuss this and maybe we can include our HR consultant from Bioworks. I want to ensure you are supported."

52. Ms. Bradford replied on December 13, 2020, that she wanted to have the meeting and, "I'd very much appreciate filing a formal complaint with Bioworks, giving my official statement, and discussing this issue further."

53. Defendant scheduled meetings to address Plaintiff's complaint, but postponed several times.

54. Plaintiff experienced increased anxiety, chest pains, and hypertension due to the incident with Malone and Defendant's handling of her complaint regarding Malone's harassment.

55. Plaintiff requested FMLA leave from Estilien Lewis, who told Ms. Bradford that FMLA was not available.

56. On or before April 26, 2021, Ms. Bradford submitted a request for FMLA to Artunyala Hunter, HR Admin Assistant.

57. Hunter acknowledged receipt of Ms. Bradford's request for FMLA on April 26, 2021, stating that she would forward Ms. Bradford an FMLA packet for her physician to complete.

58. On April 27, 2021, Hunter sent Ms. Bradford the FMLA packet and told Ms. Bradford to have her Health Care Provider complete the form and return it the next day.

59. Ms. Bradford replied back that it would be impossible for her to return the forms the next day.

60. Ms. Bradford also stated that Estilien Louis told Ms. Bradford that FMLA was not available.

61. Ms. Bradford submitted her FMLA paperwork to Defendant.

62. Defendant requested that Ms. Bradford withdraw her FMLA request.

63. Instead of Ms. Bradford using FMLA leave, Defendant told Ms. Bradford that she could log in from home to be paid, but to not work.

64. Ms. Bradford logged in as told to do, but did not perform work, as directed.

65. Defendant told Ms. Bradford that others would cover her work while she was at home.

66. Because Ms. Bradford was still concerned about working with Malone, she followed up with Memphis Police Department in July 2021.

67. Ms. Bradford wanted information on how to safely return to work.

68. The officer with whom Ms. Bradford spoke asked to conduct a video interview of Plaintiff.

69. Ms. Bradford provided her video interview to the Memphis Police investigator on July 26, 2021.

70. Ms. Bradford asked Memphis Police Department to press charges on Malone.

71. Detectives with the Memphis Police Department went to MASE on July 26, 2021, as part of its investigation into Ms. Bradford's allegations of sexual harassment and sexual battery.

72. Ms. Bradford emailed Gaston on August 2, 2021, at 8:58 AM, advising him that Plaintiff's intention was to report to work that morning for the 2021-2022 school year, but that her health continued to be problematic and she requested to resubmit her "request for FMLA."

73. On August 2, 2021, at 3:54 PM, Dana Briggs, Principal, emailed Ms. Bradford, stating, "Please see the attached letter regarding your employment with Memphis Academy of Science and Engineering Schools."

74. A letter dated July 27, 2021, rescinding Ms. Bradford's employment contract for the 2021-2022 school year was attached.

75. Rather than afford Ms. Bradford FMLA leave, Defendant used Ms. Bradford's absence against her as part of her termination.

76. Defendant gave Ms. Bradford until August 6, 2021, to return all property in her possession that belonged to the school.

77. Defendant terminated Plaintiff in retaliation for her report of sexual harassment and battery to the Memphis Police Department.

78. The Shelby County District Attorney's office wrote Ms. Bradford on August 16, 2021, to notify her that Malone had been arrested in conjunction with her complaint.

79. Defendant interfered with Ms. Bradford's use of FMLA leave to her detriment.

80. Defendant retaliated against Ms. Bradford for her attempts to use FMLA leave.

81. Defendant's reasons for terminating Ms. Bradford were pretext for its retaliatory motive.

82. Ms. Bradford received health insurance coverage through MASE.

83. MASE covered Ms. Bradford through a group health plan and Defendant had more than 20 employees.

84. Ms. Bradford's termination was a qualifying event under COBRA.

85. Defendant has an affirmative duty to notify Ms. Bradford of her rights under COBRA after a qualifying event per 29 U.S.C. § 1166.

86. Defendant never provided Plaintiff an election notice of COBRA continuation coverage as required by 29 U.S.C. § 1166.

87. Defendant's violation of its duty under 29 U.S.C. § 1166 is continuing.

88. Defendant's violation of its affirmative duty to notify Ms. Bradford of her rights under COBRA makes it liable to Ms. Bradford as a beneficiary or participant in the group health plan for statutory penalties from the date of said violation in the maximum per diem of $100.00 per day as authorized by 29 U.S.C. § 1132.

89. Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

90. Defendant violated Plaintiff's right under the Consolidated Omnibus Budget Reconciliation Act of 1985.

91. Defendant violated Plaintiff's rights under the Family Medical Leave Act of 1993.

92. Defendant's violations of Plaintiff's statutory rights under Title VII were intentional and willful and done in direct disregard for Plaintiff's right to be free from retaliation for the protected activity undertaken pursuant to the aforementioned Act.

93. Defendant's violations of Plaintiff's statutory rights under FMLA were intentional and willful and done in direct disregard for Plaintiff's right to leave under the aforementioned Act, as well as the right to be free from any retaliatory motive for Plaintiff's request for said leave.

94. Plaintiff suffered the loss of pecuniary interest due to the actions of the Defendant in discriminating and retaliating against her, including loss of pay, loss of opportunities, benefits, and other tangibles.

95. Plaintiff suffered the loss of benefits and pecuniary interest due to the actions of the Defendant in failing to provide her with notification regarding her continuation of benefits.

96. Plaintiff suffered the loss of pecuniary interest due to the actions of the Defendant in interfering with her rights under the FMLA, including loss of pay, loss of opportunities, benefits, and other tangibles.

97. Plaintiff has suffered mental anxiety and stress, inconvenience, loss of enjoyment of life, loss of income, and valuable benefits as a result of Defendant's actions.

98. Defendant's violation of Plaintiff's federally protected rights was done with malice or reckless indifference to Plaintiff's federally protected rights so Defendant is liable for punitive damages for its egregious actions.

99. Defendant's violation of Plaintiff's federally protected rights was done with willful indifference to Plaintiff's federally protected rights so Defendant is liable for liquidated damages for its actions.

## **PRAYER FOR RELIEF**

100. Plaintiff sustained substantial monetary and non-monetary damages as a result of Defendants' illegal conduct, and Ms. Bradford demands such legal and equitable

relief as will effectuate the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*,), the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, and the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161 *et seq.*, including but not limited to, the following:

    a. Accrual of back pay, front pay (in lieu of reinstatement), fringe benefits, and other emoluments of employment;

    b. Compensatory damages;

    c. Punitive damages;

    d. Liquidated damages;

    e. Loss of enjoyment of life;

    f. Lost opportunities;

    g. Fines and penalties;

    h. Costs and attorney fees;

    i. Appropriate affirmative action;

    j. Reinstatement;

    k. Any other relief to which she may be properly entitled;

    l. Any interest due on the amount awarded; and

    m. Any other relief that this Court deems just and equitable.

101. Plaintiff prays that a jury be empaneled to decide this matter and determine damages and that Plaintiff be reinstated and awarded reasonable attorney fees and costs.

THIS the 29th day of August, 2022.

Respectfully submitted,

NATASHA R. BRADFORD

**/s/Kristy L. Bennett**
KRISTY BENNETT BPR# 30016
TRESSA V. JOHNSON BPR# 26401
Attorneys for Plaintiff
Johnson & Bennett, PLLC
1407 Union Ave., Ste. 807
Memphis, TN 38104
(901) 402-6601
(901) 462.8629 fax
kristy@myjbfirm.com