IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**NATASHA BRADFORD,**

    **Plaintiff,**

**v.**

**MEMPHIS ACADEMY OF**
**SCIENCE AND ENGINEERING**        Case No. 2:22-cv-02563-JTF-cgc
**(MASE)**        JURY DEMANDED

    **Defendant/Third-Party**
    **Plaintiff;**

**v.**

**INFINISOURCE, INC. d/b/a**
**ISOLVED, INC.,**

    **Third-party Defendant.**

## THIRD-PARTY DEFENDANT'S ANSWER TO THIRD-PARTY COMPLAINT

COMES NOW, Infinisource, Inc. d/b/a isolved, Inc. (hereinafter, "Third-Party Defendant" and/or "isolved") and files this Answer to Memphis Academy of Science and Engineering's (hereinafter, "Third-Party Plaintiff" and/or "MASE") Third-Party Complaint:

1. To the extent Third-Party Plaintiff intends to quote or incorporate Plaintiff Natasha Bradford's Complaint attached as Exhibit A to the Third-Party Complaint by reference, Third-Party Defendant states that the document speaks for itself. To the extent Paragraph 1 requires a response, Third-Party Defendant denies the allegations contained therein.

2. Third-Party Defendant admits it has a contract with Third Party Plaintiff for administration of COBRA benefits. Third Party Defendant states that Plaintiff Natasha

Bradford's Complaint speaks for itself as to her allegations brought against Third-Party Plaintiff. Third Party Defendant denies the remaining allegations contained in Paragraph 2.

3. Third-Party Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, and therefore denies the same.

4. Third-Party Defendant admits that Third-Party Plaintiff made a demand on Third-Party Defendant. Third-Party Defendant denies the remaining allegations contained in Paragraph 4.

5. To the extent the statements contained in Paragraph 5 are legal conclusions, Third-Party Defendant asserts no response is required. To the extent the allegations contained in Paragraph 5 require a response, Defendant denies the same.

6. Third-Party Defendant denies Third-Party Plaintiff is entitled to any of the relief sought in the paragraph beginning with "WHEREFORE," or to any relief whatsoever.

7. Any and all allegations in Third-Party Plaintiff's Complaint not previously admitted are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Third-Party Defendant and are Third-Party Plaintiff's burden to prove. Third-Party Defendant further avers that Third-Party Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to assert additional defenses should the precise nature of Third-Party Plaintiff's claims become clear.

1. Third-Party Plaintiff's claims are barred, in whole or in part, to the extent the claims arose outside the applicable statutes of limitation and/or contractual limitations and/or judicial prerequisites.

2. Third-Party Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

3. Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or unjust enrichment.

4. Third-Party Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, and/or laches.

5. Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

6. Third-Party Defendant denies that Plaintiff is entitled to any damages. To the extent that Third-Party Plaintiff is entitled to damages, they must be barred or reduced in accordance with the agreement between the parties and/or applicable statutes.

7. Third-Party Plaintiff's recovery, if any, is subject to any applicable damages caps or limitations.

8. Third-Party Defendant acted at all times within the bounds of good faith and for legitimate business reasons predicated on its business judgment.

9. Third-Party Plaintiff's claims are barred, in whole or in part, by Third-Party Plaintiff's own actions and/or failure to act.

10. The decision regarding Third-Party Plaintiff's demand for indemnification was neither an abuse of discretion nor arbitrary and capricious, and/or was otherwise in accordance with the terms of ERISA, COBRA, and the applicable provisions of the plan in question.

11. Third-Party Plaintiff's claims are barred by the terms, conditions, and exclusions of the applicable plans, which are incorporated herein by reference as if fully set forth herein.

12. Third-Party Plaintiff's remedies against Third-Party Defendant are limited to the remedies available under ERISA. Extra-contractual, punitive and/or consequential damages are not available under ERISA and any claims against Third-Party Defendant for such relief should be stricken.

13. Third-Party Plaintiff's claims against Third-Party Defendant, including without limitation claims for breach of contract and indemnity, are preempted by ERISA.

14. At all relevant times, Third-Party Defendant acted in full compliance with the terms and conditions of the applicable plan(s), as well as with the requirements and standards of ERISA, and COBRA coordination of benefits rules.

15. All actions by Third-Party Defendant were made in good faith compliance with applicable laws, rules, and regulations based on all relevant facts and circumstances known to it at the time and in keeping with the best interests of the plan participants and beneficiaries, and were not arbitration or capricious or otherwise based upon any unlawful consideration, ill will, or unlawful motive.

16. Third-Party Defendant has honored its fiduciary duties to the participants and beneficiaries of the Plan in question pursuant to its obligations under 29 U.S.C. § 1104.

17. Third-Party Defendant asserts each and every provision of the applicable plans that is or may be construed as an affirmative defense.

18. Third-Party Defendant did not breach any duty or obligation of any kind whether arising from common law, statute, contract, or otherwise.

19. The Third-Party Complaint sets forth claims that are frivolous, unreasonable, or without foundation, thus entitling Third-Party Defendant to recover its attorneys' fees associated with defending against such claims.

20. Without admitting Third-Party Defendant had any obligations to Third-Party Defendant or the original Plaintiff, it made good faith efforts or attempts to satisfy such obligations.

21. Defendant reserves the right to assert further affirmative defenses as they become evident though discovery or investigation.

WHEREFORE, having fully answered the Third-Party Complaint herein, Third-Party Defendant Infinisource, Inc. d/b/a isolved, Inc. prays the Third-Party Complaint be dismissed in its entirety, with prejudice, and that Third-Party Defendant be awarded its attorneys' fees, costs incurred, and such other and further relief as this Honorable Court deems just, necessary, and proper.

Dated: February 9, 2023.              Respectfully submitted,


  *s/Amanda M. Garland*
Amanda M. Garland (TN Bar #033843)
OGLETREE, DEAKINS, NASH,
SMOAK, & STEWART, P.C.
International Place Tower II
6410 Poplar Avenue, Suite 300
Memphis, Tennessee 38119
(901) 767-6160 (voice)
(901) 767-7411 (facsimile)
amanda.garland@ogletreedeakins.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2023, the foregoing document was electronically filed with the Clerk of the Court via the Court's ECF filing system, to be served by operation of the Court's electronic filing system upon the following counsel of record:

| | |
|---|---|
| Kristy L. Bennett | Anthony M. Noel |
| Tressa Johnson | Laura Bassett |
| Johnson & Bennett, PLLC | Leitner, Williams. Dooley, & Napolitan, PLLC |
| 1407 Union Avenue, Suite 807 | 201 4th Avenue North, Suite 1100 |
| Memphis, TN 38104 | Nashville, TN 37219 |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant/Third-* |
| *Natasha Bradford* | *Party Plaintiff Memphis Academy* |
| | *of Science and Engineering* |

                                                            *s/Amanda M. Garland*
                                                           Amanda M. Garland